[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14113
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-00128-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN EDWARD ROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2010)

Before CARNES, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Marvin Edward Ross appeals the district court's revocation of his supervised

release, pursuant to 18 U.S.C. § 3583(e)(3). On appeal, Ross argues that, in admitting hearsay testimony at the revocation hearing, the district court failed to balance his right to confrontation with the government's asserted reasons for denying confrontation. He also argues that this error was not harmless because the hearsay testimony was unreliable and the district court based its decision solely on the hearsay evidence.

A district court's decision to revoke supervised release is reviewed for abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We also review evidentiary decisions for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001).

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, . . . [d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements," including "the right to confront and cross-examine adverse witnesses." *Frazier*, 26 F.3d at 114. "[I]n deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* Failure to perform the balancing test violates the defendant's due process rights. *Id.* "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court

2

*explicitly* relied on the information. The defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (quotation and citation omitted; emphasis in original). Thus, when the properly considered evidence sufficiently supports the district court's conclusion, any failure to engage in the proper balancing test is harmless error. *Frazier*, 26 F.3d at 114.

Ross correctly asserts that the district court violated his due process rights by failing to balance his right to confrontation with the government's asserted reason for denying confrontation. However, we conclude that this error was harmless because the properly considered evidence, including Ross's own admission, supports the district court's conclusion that Ross committed felony battery on his girlfriend, Larisa Faye Gamble. Accordingly, we affirm the district court's revocation of Ross's supervised release.

**AFFIRMED.**